**ZHANG WEN YEH, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 03–40904–AG.**

United States Court of Appeals, Second Circuit.

April 11, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Peter Lobel, New York, New York, for Petitioner.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Virginia A. Gibson, Assistant United States Attorney, Chief, Civil Division, Christopher A. Day, Special Assistant United States Attorney, Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

#### SUMMARY ORDER

Zhang Wen Yeh, through counsel, petitions for review of a BIA decision affirming the immigration judge's ("IJ") decision denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history. This court reviews the agency's factual findings under the substantial-evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177–78 (2d Cir. 2004).

In the present case, the IJ's decision rests on his finding that Yeh was not credible as to central elements of his claim— namely, that he was pursued by family planning authorities who sought to collect the 10,000 RMB fine that they levied on him and his alleged girlfriend, and that his girlfriend underwent a forced abortion. While Yeh argues in his petition to this court that the IJ used the wrong legal standard when he required Yeh to prove his claim by a preponderance of evidence, the IJ referred to a "preponderance of the credible evidence" only to describe that the IJ had "no confidence at all" that the story described by Yeh actually occurred.

On appeal, Yeh does not challenge the IJ's credibility findings. Yeh devotes only a single, conclusory sentence to the argument that he testified credibly: "Mr. Yeh's testimony was generally consistent with his affidavit in support of his I–589, was detailed, plausible, and consistent with country conditions[,] and was corroborated by all available documentary evidence." Because Yeh has not sufficiently argued that the IJ's adverse-credibility findings lacked substantial evidence in his petition to this court, he has waived any challenge to those findings. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). Thus, we uphold the IJ's determination that Yeh did not demonstrate a well-founded fear of persecution, without reaching the issue whether the boyfriend of a woman who forcibly receives an abortion has

suffered persecution. *See Ramsamea-chire*, 357 F.3d at 178.

Moreover, because asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 71 (2d Cir.2004). Finally, because Yeh did not raise a Convention Against Torture ("CAT") claim before the BIA and does not raise it here other than to state that the IJ erred in denying CAT relief, this claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).